IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| TRI-COUNTY MECHANICAL AND ELECTRICAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LOCAL UNION 41 OF THE UNITED ASSOCATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA, <br><br> Defendant. | 2:21-cv-58-BU-BMM <br><br> **ORDER** <br> **DENYING TEMPORARY** <br> **RESTRAINING ORDER** |

Tri-County Mechanical and Electrical ("Tri-County") brought this action against Local Union 41 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada ("Local Union 41") to challenge Local Union 41's attempt to terminate the current Collective Bargaining Agreement ("CBA"). (Doc. 1).

Tri-County filed their Complaint on July 27, 2021. (Doc. 1). Tri-County then filed a Motion for Temporary Restraining Order on July 30, 2021. (Doc. 5). Tri-County seeks to enjoin Local Union 41 from "stopping work or striking." (Doc. 5

at 1). For reasons stated below, this Court will deny this last-minute attempt to interfere with the rights of Local Union 41 union members.

## BACKGROUND

Tri-County and Local Union 41 agreed to a CBA in June 2018. (Doc. 1-1). That CBA governs labor issues between the parties. Article XXVIII of the CBA, titled "Terms of the Agreement," states: "It is agreed that this Agreement shall remain in effect until June 30, 2021, and from year to year thereafter unless written notification shall be given by either party to the other not less than sixty (60) days prior to June 30, 2021, or prior to June 30th of any year thereafter." (Doc. 1-1 at 5). This Article annually renews the CBA absent notice from either party. Article XXVIII does not govern any other issues within the CBA.

Local Union 41 sent a letter to Tri-County on April 20, 2021. That letter stated: "In compliance with Article XXVIII of the current [CBA] . . . this letter is being sent to notify you of the Union's intent to enter into negotiations for a new [CBA]. The existing [CBA] will expire on June 30, 2021." (Doc. 5-1). Tri-County represents that Local Union 41 believes it properly cancelled the CBA and has promised a work stoppage on August 1, 2021. (Docs. 1, 6).

Tri-County argues that the April 20 letter fails to constitute proper notice to terminate the CBA. (Doc. 1). Tri-County further argues that whether the letter constitutes proper notice represents an issue that must go through a grievance

process delineated by the CBA. (Doc. 6). Tri-County argues that a no-strike clause prevents strikes during the grievance process, and that this clause should be enforced while the parties engage in the grievance process. (Doc. 6 at 6). Months after Local Union 41 sent its letter, and on the eve of a work stoppage, Tri-County seeks a temporary restraining order to prevent Local Union 41's strike. (Doc. 5).

## ANALYSIS

The issuance of a preliminary injunction or temporary restraining order represents an extraordinary remedy that should not be awarded as a matter of right, but only "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff who seeks a preliminary injunction or temporary restraining order must establish four elements: 1) that it likely will succeed on the merits; 2) that it likely will to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in its favor; and 4) that an injunction will serve the public interest. *See id.* at 20. Courts in the Ninth Circuit apply a sliding scale approach to preliminary relief. *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

The reviewing court must balance the elements "so that a stronger showing of one element may offset a weaker showing of another." *Id.* Even "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the

plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

Tri-County fails to show it proves likely to succeed on the merits. The CBA provides a process to terminate its effect: the provision of "written notice . . . not less than sixty (60) days prior to June 30, 2021." (Doc. 1-1 at 5). Tri-County argues that Local Union 41's notice does not fulfill the requirements of the CBA to terminate the agreement and argues that such conflicting interpretations must go through the grievance process delineated in the CBA. (Doc. 6 at 7–11). This argument fails on its face. Local Union 41 provided written notice. (Doc. 5-1). Local Union 41 provided that written notice on April 20, 2021 – 71 days before June 30, 2021. (Doc. 5-1). Local Union 41 clarified that it sent the notice "[i]n compliance with Article XXVIII," an Article that *only* governs the process to terminate the agreement. (Doc. 5-1). Tri-County's arguments not only fail to raise serious questions as to the legal merits—it remains unclear Tri-County has raised a valid legal claim at all.

The other preliminary injunction factors fail to tip the balance in favor of a temporary restraining order, particularly as the case sits in its currently one-sided posture. Tri-County does show it is likely to suffer from harms from work stoppage. Tri-County is under contract for several projects and may not be able to meet its deadlines for those contracts. (Doc. 6 at 12–13). The balance of the

equities does not tip the scale either way. Tri-County argues that it is entitled to orderly and peaceful settlement of labor disputes. (Doc. 6 at 13–14). Local Union 41 is also entitled to strike when lawful, however, to advocate for their labor interests. Butte proves no stranger to labor disputes, and that history displays the need for protection of the ability of laborers to organize and strike when lawful. The public interest similarly fails to favor either side.

The balance of the elements does not favor a temporary restraining order. Tri-County fails to show it is entitled to such an extraordinary remedy, particularly months after Local Union 41 sent its letter and in a one-sided proceeding filed a mere three days before a threatened strike. The Court will schedule a preliminary injunction hearing by future order posthaste.

## ORDER

Accordingly, **IT IS ORDERED** that Tri-County's Motion for Temporary Restraining Order (Doc. 5) is **DENIED**.

Dated the 30th day of July, 2021.

Brian Morris, Chief District Judge
United States District Court